# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAN CHILCOTT, | ) |
| Plaintiff, | ) Civil Action No. 17-341 Erie |
| v. | ) |
| ERIE COUNTY PRISON and CITY OF ERIE, | ) Magistrate Judge Richard A. Lanzillo |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Shan Chilcott ("Plaintiff"), an inmate at the Erie County Prison, initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a Motion for Leave to Proceed In Forma Pauperis on December 28, 2017. ECF No. 1. Plaintiff's motion was granted on January 2, 2018 (ECF No. 2) and his Complaint was docketed the same day. ECF No. 4.

Presently pending before the Court are Motions to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the City of Erie ("City of Erie" or "Erie") and the Erie County Prison ("Erie County Prison" or "the prison"). ECF Nos. 15, 21. Plaintiff has responded to each motion. ECF Nos. 29, 30. For the reasons set forth below, Defendants' motions will each be granted.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. See ECF Nos. 9, 33.

1

## I. Factual Background

In his Complaint, Plaintiff describes five separate incidents which, in his view, demonstrate that the Defendants engaged in "a campaign of abuse" for "two decades." ECF No. 4 at 4. First, he contends that a nurse at the Erie County Prison was taking his blood and used the same needle that she had used on the inmate before him. Id. As a result, Plaintiff was infected with hepatitis C. Id. Plaintiff states that this incident occurred in 1998. Id.

Plaintiff next contends that two guards at the Erie County Prison – described in his brief in opposition as "Mr. Root" and "Mr. Goring" – made him sign the deed of his house over to the sister of one of the guards. The Court takes judicial notice of the fact that Plaintiff filed a federal lawsuit against Cliff Root, Corporal Goring and the Erie County Prison in 2005 alleging that Root and Goring forced him to sign the deed of his house over to Root's sister and brother-in-law. See Chilcott v. Erie County Domestic Relations, No. 1:05-cv-225 (W.D. Pa. filed August 10, 2005). Each of the defendants prevailed in that action, either by way of a meritorious motion to dismiss or at summary judgment. See Chilcott, 1:05-cv-225, ECF No. 69 (granting Erie County Prison's motion to dismiss); Chilcott v. Cliff Root, 2008 WL 474240 (W.D. Pa. Feb. 20, 2008) (granting summary judgment in favor of Root and Goring).[2]

Plaintiff's third allegation is that unnamed individuals acting on behalf of the City of Erie searched his house and confiscated several guns without a warrant or due process. ECF No. 4 at 6. Plaintiff states in his Complaint that he previously filed an unsuccessful lawsuit based on the same facts but that he has "more knowledge of facts now and would like to pursue this issue

---

[2] Because dockets are a matter of public record, the Court may consider the filings in Plaintiff's prior lawsuits without converting Defendants' motions to dismiss into motions for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Basile v. Township of Smith, 752 F.Supp.2d 643, 648 n. 4 (W.D. Pa. 2010) (observing that court dockets are the type of public record that can be considered on a motion to dismiss without conversion).

again." Id. The prior lawsuit referenced in Plaintiff's Complaint was filed in 2012 against the City of Erie and alleged that police officers searched his house in July 2010 and confiscated twelve rifles without a warrant. See Chilcott v. City of Erie, No. 1:12-cv-142 (W.D. Pa. filed June 25, 2012). All claims in that action were dismissed for failure to state a claim on March 26, 2013. See Chilcott v. City of Erie, 2013 WL 1291637 (W.D. Pa. Mar. 26, 2013).[3]

The fourth incident alleged in Plaintiff's Complaint is that "Erie sheriff tazzed [sic] me few time's [sic] and forced small handcuffs on me." ECF No. 4 at 7. Plaintiff indicates that this occurred in 2014. Id.

Finally, Plaintiff alleges that the work release program at the Erie County Jail does not allow disabled people to participate. ECF No. 4 at 8. Plaintiff's only allegation in this regard is that "Mr. Mallory," the "guy running the prerelease work release," told him that "disabled people were not allowed in his program." Id. Plaintiff contends that Mr. Mallory made that statement in October of 2017. Id. Plaintiff raised a similar claim in yet another prior lawsuit filed on February 22, 2012. See Chilcott v. City Erie, No. 1:12-cv-53 (W.D. Pa. filed February 22, 2012) (alleging that the Erie County Prison violated the Americans with Disabilities Act ("ADA") by removing him from the prison's work release program because of a disability). That claim was dismissed as legally frivolous pursuant to 28 U.S.C. § 1915 on April 13, 2012. See id. at ECF No. 9.

## II. Standards of Review

### 1. *Pro se* Litigants

---

[3] Plaintiff also raised this claim in another federal lawsuit, Chilcott v. City Erie, No. 1:12-cv-53 (W.D. Pa. filed February 22, 2012).

3

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

### 2. Motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is

plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in Conley v. Gibson, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounded on the Twombly/Iqbal line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Analysis**

Defendants maintain that each of Plaintiff's claims is barred by the applicable statute of limitations, the doctrine of res judicata, lack of administrative exhaustion, or some combination thereof. Each of these defenses will be discussed in turn.

### A. Statute of Limitations

The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose, which in Pennsylvania is two years. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)); 42 Pa. Cons. Stat. § 5524(2). Where the viability of a statute of limitations defense can be discerned from the complaint, dismissal pursuant to Rule 12(b)(6) is appropriate. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994).

Plaintiff's Complaint is dated December 17, 2017. ECF No. 1. The incident involving the infected needle occurred in 1998. The incident with Root and Goring occurred in 2005. The alleged confiscation of Plaintiff's firearms took place in 2010, and the incident in which police tasered and handcuffed Plaintiff occurred in 2014. Because each of these events took place prior to December 17, 2015, the earliest possible date on which any allegation in his Complaint could be deemed timely, they are barred by the two-year statute of limitations applicable to § 1983 actions.

In his opposition brief, Plaintiff appears to suggest that the statute of limitations should be tolled on his claim involving the infected needle because he didn't discover he had hepatitis C until several years later. However, a cause of action under § 1983 accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which the action is based." Kach, 589 F.3d at 634. Plaintiff admits that he was aware that the needle used to extract blood from him in 1998 had already been used on another inmate at the time that the incident occurred. Plaintiff was also contemporaneously aware of the possibility that he might contract an illness from the potentially infected needle, as demonstrated by his admission that he promptly requested a blood test to investigate whether he was at risk of contracting AIDS. ECF No. 30 at 1. Based on his own averments, it is evident that the "injury upon which [Plaintiff's] action is based" was well-known to him at the time that it occurred, roughly twenty years ago. Kach, 589 F.3d at 634. There is simply no basis for tolling the applicable two-year limitations period under the facts alleged.

### B. Res Judicata

Even if the first four incidents alleged in Plaintiff's Complaint were not untimely, the majority of those claims have already been resolved through prior litigation. Res judicata, or claim preclusion, precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. Davis v. County of Allegheny, 2018 WL 4005827, at *2 (W.D. Pa. Aug. 22, 2018). Res judicata applies when a defendant demonstrates that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." Hickox v. County of Blair, 591 Fed. Appx. 107, 109 (3d Cir. 2014).

Plaintiff readily admits that many of the claims raised in the instant Complaint have been previously litigated. He sued the Erie County Prison over the incident involving the deed to his house in 2005. See Chilcott, No. 1:05-cv-225, ECF No. 69, at 6 (dismissing Plaintiff's claims against the Erie County Prison for failure to demonstrate that his injuries had been caused by an identifiable custom or policy). He sued the City of Erie over the confiscation of his firearms in two separate actions, both filed in 2012. See Chilcott, No. 1:12-cv-53, ECF No. 9 (rejecting Fourth Amendment claims against City of Erie based on seizure of twelve guns from his house); Chilcott, No. 1:12-cv-142, ECF No. 22, at 5 (rejecting claims based on the same incident). Each of these lawsuits raised the same claims based on the same facts at issue here, and each culminated in a final judgment in favor of the Defendants. The applicability of res judicata is crystal clear.

The Court reaches a different result, however, regarding Plaintiff's allegation that the Erie County Prison removed him from its work release program due to a disability. Plaintiff alleges that he was removed from the program in October 2017 because the director of the program did not allow disabled persons to participate. Although Plaintiff raised similar claims in a prior lawsuit against the Erie County Prison in 2012,[4] his claims in this action are based on a discrete incident that postdates that litigation. Because "res judicata does not bar claims that are predicated on events that postdate the filing of the initial complaint" in the prior action, Morgan v. Covington Township, 648 F.3d 172, 177 (3d Cir. 2011), res judicata is not an impediment to Plaintiff's claim that he was improperly removed from the work release program.

---

[4] In the 2012 action, Plaintiff alleged that his "4th Amendment rights of due process" had been violated by the prison's decision to remove him from their work release program based on a disability. See Chilcott, 1:12-cv-53, ECF No. 9, at 3. Plaintiff also alleged a violation of the ADA based on the same incident. Id.

8

**C. Exhaustion**

As noted above, the majority of the incidents described in Plaintiff's Complaint are barred by the statute of limitations, the doctrine of res judicata, or both. The lone exception is Plaintiff's contention that he was removed from the Erie County Prison's work prerelease program because of his disability. The Prison offers several other grounds for dismissal of this claim including, *inter alia*,[5] that Plaintiff has failed to exhaust his administrative remedies. Although circumstances supporting a Rule 12(b)(6) dismissal based on exhaustion are rare, the Court finds dismissal warranted in this instance.

As a general matter, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). See also Small v. Camden Cnty., 728 F.3d 265, 269 (3d Cir. 2013) ("Under the PLRA, exhaustion is a precondition for bringing suit under § 1983."). The exhaustion of available administrative remedies is thus mandatory, Booth v. Churner, 532 U.S. 731, 739 (2001), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is a "threshold issue that courts must address to determine whether

---

[5] The prison has also submitted a host of documents and an affidavit in an attempt to demonstrate that Plaintiff's allegations are factually inaccurate. See ECF No. 21 and attached exhibits. To the extent that the prison is challenging the veracity of Plaintiff's allegations, its attempt to resolve this factual issue on a Rule 12(b)(6) motion is premature. It is axiomatic that a court cannot consider affidavits or declarations attached to a motion to dismiss without converting it into a motion for summary judgment. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). See also Berry v. Klem, 283 F. App'x 1, 3 (3d Cir. 2008) ("Reliance on declarations from prison officials or Corrections Department administrators requires conversion."). The evidence submitted in conjunction with the Motion to Dismiss falls squarely outside of the pleadings and, as such, cannot be considered by the Court on a Rule 12(b)(6) motion.

9

litigation is being conducted in the right forum at the right time." Small, 728 F.3d at 270 (quoting Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010)).

Like the statute of limitations, the failure to exhaust administrative remedies is an affirmative defense. McPherson v. United States, 392 Fed. Appx. 938, 943 (3d Cir. 2010). "And as with the statute of limitations, dismissal under Fed. R. Civ. P. 12(b)(6) based on the failure to exhaust is appropriate only if it is apparent from the complaint that the plaintiff failed to exhaust available administrative remedies." Escalera v. Harry, 2016 WL 6694502, at *5 (M.D. Pa. Sept. 28, 2016) (citing Thomas v. Brinich, 579 Fed. Appx. 60, 62 (3d Cir. 2014) ("While the failure to exhaust administrative remedies may form a basis for a dismissal for failure to state a claim, dismissal on that ground is appropriate only in those circumstances where the complaint reveals the exhaustion defense on its face."); Jones v. Bock, 549 U.S. 199, 215-216 (2007) (holding that a prisoner's failure to exhaust available administrative remedies is an affirmative defense, but noting that "that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim" and that "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract"). Because a court may only dismiss a complaint on exhaustion grounds where the complaint itself reveals the failure to exhaust, "cases in which the failure to exhaust is appropriately raised on a motion to dismiss will be rare." Escalera, 2016 WL 6694502, at *5 (citing Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (concluding that "in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim"); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (stating that "only in rare cases will a district court be able to conclude from the face of the complaint

that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse").

The instant case presents the rare scenario where the plaintiff's failure to exhaust his claim is apparent on the face of his pleading. Plaintiff utilized a form complaint to initiate this action. On that form, Plaintiff was asked to indicate whether "there a prisoner grievance procedure in [his] institution." ECF No. 4 at 2. Plaintiff answered that question in the affirmative. Id. The form then asked, "Did you present the facts relating to your complaint in the state prisoner grievance procedure?" Id. Plaintiff responded by checking the box marked "No." Id. In response to a query as to what steps Plaintiff took to utilize the grievance procedure, if any, Plaintiff stated only that he told a counselor that he "wanted to file a grievance" but that "nothing happened." Id. Because Plaintiff's failure to administratively exhaust his claims is clearly established by the averments in his own Complaint, dismissal is appropriate.[6] See, e.g., Ball v. SCI Muncy, 385 Fed. Appx. 211, 213 (3d Cir. 2010) (affirming dismissal of claims for failure to exhaust where "[plaintiff] conceded, on the face of her Complaint, that she had not completed the grievance process at the prison and, therefore, had not exhausted her claim."); Austin v. Beard, 351 Fed. Appx. 780, 782 (3d Cir. 2009) (affirming dismissal where "[plaintiff] himself acknowledged that he had failed to complete the DOC's grievance process"); Shafer v. Suloga, 2014 WL 2041865, at *2 (M.D. Pa. May 15, 2014) (dismissing complaint pursuant to Rule 12(b)(6) where plaintiff "admi[tted] in the Complaint that he did not exhaust his administrative remedies" and declined to "explain why he failed to

---

[6] When presented with an opportunity to explain his lack of exhaustion in his brief in opposition to Defendants' motions, Plaintiff declined to do so. See, e.g., Tambasco v. United States Dept. of Army, 2018 WL 1203466, at *2 (M.D. Pa. Mar. 8, 2018) (dismissing claims as unopposed when the plaintiff failed to respond to arguments made by the defendants in support of their motion to dismiss); Lada v. Delaware County Community College, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested.").

exhaust his administrative remedies, or clarify what exhaustion efforts (if any) he attempted" in his response to the motion to dismiss).

IV. **LEAVE TO AMEND**

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

In the instant case, the allegations in Plaintiff's Complaint are each clearly barred by the statute of limitations, the doctrine of res judicata, and/or his failure to administratively exhaust his claims. Given the clarity of these deficiencies, any attempt to salvage Plaintiff's claims by way of amendment would be futile. See, e.g., Sabur v. Lucas, 2018 WL 4997031, at *3 (M.D. Pa. Oct. 15, 2018) (denying leave to amend where untimeliness is evident from the face of the complaint); Pinson v. United States, 2018 WL 3756668, at *3 n. 2 (finding amendment futile because "res judicata operates to bar the instant action"); Shafer, 2014 WL 2041865, at *3 (denying leave to amend where exhaustion is apparent on the face of the complaint).

V. **CONCLUSION**

For all of the foregoing reasons, Defendants' Motions to Dismiss (ECF No. 15, 21) are GRANTED and Plaintiff's Complaint is dismissed, with prejudice. The Clerk of Courts is directed to mark this case CLOSED.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: November 14, 2018